O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 12-1114-DOC-(RNBx)                    Date:  November 30, 2012

Title: <u>BRIAN MCLAUGHLIN V. WELLS FARGO BANK, N.A. ET AL.</u>

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

<u>Julie Barrera</u>                    <u>     N/A     </u>
Courtroom Clerk                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                    None Present

**PROCEEDINGS: (IN CHAMBERS):  ORDER GRANTING DEFENDANTS'**
**MOTION TO DISMISS AND DISMISSING**
**IN PART WITH PREJUDICE AND IN**
**PART WITHOUT PREJUDICE**

Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended
Complaint ("FAC") (Dkt. 16). After reviewing the motion, opposition, and reply, the
Court herby GRANTS Defendant's Motion to Dismiss and Dismisses in part with
prejudice and in part without prejudice.[1]

**I.      Background**

On September 14, 2006, Plaintiff Brian McLaughlin ("Plaintiff") signed a
promissory note for $1,000,000 in exchange for a mortgage loan from Countrywide
Bank, N.A. ("Countrywide") for the purchase of the property located at 753 Barracuda
Way, Laguna Beach, CA ("the property"). Mot. (Dkt. 20) at 2. The property was used to
secure a Deed of Trust. *Id.* Recontrust Company, N.A. ("Recontrust") was named the
trustee and Mortgage Electronic Registration Systems ("MERS") was listed as the
beneficiary. *Id.*

Defendants claim that MERS, as the beneficiary of the Deed of Trust, assigned the
Deed of Trust to Defendant Bank of America on September 6, 2011. *Id.* On April 4,

---

[1] The Court finds the matter appropriate for decision without oral argument.  Fed R. Civ. P. 78; L. R. 7-15.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 12-1114-DOC-(RNBx)                    Date:  November 30, 2012
                                                     Page 2

---

2012, Bank of America assigned the Deed of Trust to Defendant Wells Fargo as trustee on behalf of HarborView Mortgage Loan Trust, Mortgage Loan Pass-Through Certificates Series 2006-12 ("HarborView Trust"). *Id.* Defendant Bank of America continued to service the loan. *Id.*

On October 6, 2011, Recontrust, as the trustee, recorded a notice of default. *Id.* On April 27, 2012, Recontrust recorded a Notice of Trustee's Sale for May 21, 2012. *Id.* at 3.

### a.  State Court Action

On April 12, 2012, Plaintiff filed an action in state court seeking declaratory relief, alleging that no valid assignment of the Deed of Trust took place. Defs.' Request for Judicial Notice (Dkt. 21) at Ex. 6. The Superior Court granted Plaintiff's application for a Temporary Restraining Order ("TRO") and the Trustee's Sale was postponed to July 6, 2012. *Id.* at Ex. 8. On June 29, 2012, the Superior Court subsequently denied Plaintiff's application for a preliminary injunction finding the plaintiff was unlikely to succeed on the merits. *Id.* at Ex. 12. Plaintiff then dismissed his state court lawsuit without prejudice. *Id.* at Ex. 13.

### b.  District Court Action

On July 9, 2012, Plaintiff filed a complaint with this Court based on similar arguments as the state court action and seeking declaratory relief. On August 10, 2012, Defendants filed a Motion to Dismiss Plaintiff's Complaint; it was granted unopposed on August 21, 2012. Order Granting Mot. to Dismiss (Dkt. 8).

On September 10, 2012, Plaintiff filed the FAC. FAC (Dkt. 16.) On October 8, 2012, Defendants filed the present Motion to Dismiss the FAC. Mot. (Dkt. 20). Plaintiff filed an Opposition on October 16, 2012. Opp. (Dkt. 24); Defendants filed a Reply on November 5, 2011. Rep. (Dkt. 28).

On November 6, 2012, Plaintiff filed an Emergency Ex Parte Application for a TRO ("TRO Application") to stop a Trustee's Sale scheduled for November 13, 2012. TRO Application (Dkt. 30). On November 13, 2012, this Court issued an Order Denying the TRO Application due to Plaintiff's insufficient showing of likelihood of success on the merits.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 12-1114-DOC-(RNBx)                    Date:  November 30, 2012
                                                     Page 3

---

        The Court now grants Defendants' Motion to Dismiss and dismisses for the
reasons stated below.

## II.     Legal Standard

        Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed
when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the
complainant to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v.
Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order
to survive a motion to dismiss). The pleadings must raise the right to relief beyond the
speculative level; a plaintiff must provide "more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S.
at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this
court accepts as true a plaintiff's well-pled factual allegations and construes all factual
inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine
Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true
legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

        In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents
of the complaint and material properly submitted with the complaint. *Clegg v. Cult
Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard
Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by
reference doctrine, the court may also consider documents "whose contents are alleged in
a complaint and whose authenticity no party questions, but which are not physically
attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled
on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

        A motion to dismiss under Rule 12(b)(6) can not be granted based upon an
affirmative defense unless that "defense raises no disputed issues of fact."  *Scott v.
Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). For example, a motion to dismiss may
be granted based on an affirmative defense where the allegations in a complaint are
contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ.
Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In addition, a motion to dismiss may be granted
based upon an affirmative defense where the complaint's allegations, with all inferences
drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 12-1114-DOC-(RNBx)                    Date:  November 30, 2012
                                                     Page 4

---

the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Federal Rule of Civil Procedure 9(b) states that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993) ("[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity."). In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir.1994)). Rule 9(b)'s heightened pleading standard applies not only to federal claims, but also to state law claims brought in federal court. *Id.* at 1103. This heightened pleading standard ensures that "allegations of fraud are

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 12-1114-DOC-(RNBx)                    Date:  November 30, 2012
                                                     Page 5

---

specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985).

However, "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see also Neubronner*, 6 F.3d at 672 (explaining that Rule 9(b)'s heightened pleading standard may be relaxed when the allegations of fraud relate to matters particularly within the opposing party's knowledge, such that a plaintiff cannot be expected to have personal knowledge).

### III.    Discussion

Plaintiff alleges that Defendants are "third-party strangers to his mortgage loan and have no ownership interest entitling them to collect payment, declare a default or conduct a trustee's sale." FAC at 3. Based on these allegations, Plaintiff states the following claims: (1) declaratory relief pursuant to 28 U.S.C. §§ 2201-2202; (2) negligence; (3) quasi contract; (4) violations of 15 U.S.C. § 1692; (5) violations of California Business and Professions Code § 17200; and (6) accounting.

Because the Court finds that Plaintiff's mortgage loan was assigned to Defendants, thereby giving Defendants the right to seek payment and the authority to commence nonjudicial foreclosure proceedings, Plaintiff's claims, as they are currently pled, must be dismissed. First, the Court finds that Plaintiff's allegations are insufficient to invalidate the assignment of the mortgage loan. Second, the Court finds the record of assignment is complete and shows Defendants are the proper creditors. Finally, the Court finds that Plaintiff's claims must be dismissed in part with prejudice and in part without prejudice.

### a.    Plaintiff's allegations are insufficient to invalidate the assignment of the mortgage loan

Plaintiff alleges that his mortgage loan was never validly assigned to any of the Defendants because: (1) Defendants did not follow the Pool Servicing Agreement's bylines; (2) MERS did not have the authority to assign the mortgage loan; (3) Defendants recorded fraudulent notes of assignment; and (4) in the event MERS did authorize the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 12-1114-DOC-(RNBx)                     Date:  November 30, 2012
                                                      Page 6

---

assignment, the Note and Deed of Trust would be separated and rendered unenforceable. FAC at 11-13, 15-16, 18-21, 25-27.

> **1.      Plaintiff does not have standing to invalidate a transfer based on Pooling Service Agreement ("PSA") compliance**

Plaintiff argues that Defendants do not have standing to collect on the Note because Plaintiff believes no assignment ever took place and, in the event an assignment did occur, proper PSA protocol was not observed. FAC at 12. Namely, Plaintiff alleges there was no recorded assignment of the original Deed of Trust before the closing date of the Harborview Trust. *Id.* Plaintiff alleges that the failure to deposit Plaintiff's Note into the Harborview Trust before the closing date was a violation of the PSA and New York trust law, which allegedly governs the PSA. *Id.* at 13.

"To the extent Plaintiff bases her claims on the theory that [Defendant] allegedly failed to comply with the terms of the PSA, the court finds that she lacks standing to do so because she is neither a party to, nor a third party beneficiary of, that agreement." *Sami v. Wells Fargo Bank*, C 12-00108 DMR, 2012 WL 967051 at *5 (N.D. Cal. Mar. 21, 2012) (dismissing claims based on the allegation that defendant bank transferred or assigned the Deed of Trust after the securitized trust closing date in violation of the PSA) (citing cases). Thus, Plaintiff does not have standing to challenge the assignment on the basis of violations of the PSA. Furthermore, Plaintiff's allegation that the assignment violates New York trust law is too vague to "raise the right to relief beyond the speculative level." *Twombly*, 550 U.S. at 555

> **2.      MERS had the right to assign the mortgage loan**

Plaintiff concedes the Deed of Trust gave MERS the right to act on behalf of the lender and note holder. FAC at 15. Plaintiff "denies that the Deed of Trust granted unto MERS the right to assign any interest in the Note [Plaintiff] signed with Countrywide, as no provision of the Note and Deed of Trust grants MERS that right." *Id.* The Ninth Circuit addressed a similar argument:

> [T]he plaintiffs allege they were defrauded because MERS is a "sham" beneficiary without a financial interest in the loan, yet the disclosures in the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 12-1114-DOC-(RNBx)                    Date:  November 30, 2012
                                                     Page 7

---

> deed indicate that MERS is acting "solely as a nominee for Lender and
> Lender's successors and assigns" and holds "only legal title to the interest
> granted by Borrower in this Security Instrument." Further, while the
> plaintiffs indicate that MERS was used to hide who owned the loan, the
> deed states that the loan or a partial interest in it "can be sold one or more
> times without prior notice to Borrower," but that "[i]f there is a change in
> Loan Servicer, Borrower will be given written notice of the change" as
> required by consumer protection laws. Finally, the deed indicates that
> MERS has "the right to foreclose and sell the property." By signing the
> deeds of trust, the plaintiffs agreed to the terms and were on notice of the
> contents.

*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011). Here,
the Plaintiff's Deed of Trust contained identical language to the Deed of Trust in
*Cervantes*. Deed of Trust (Dkt. 21) Ex. 1. Thus, Plaintiff was on notice that the Deed of
Trust could be sold or assigned at any time. Furthermore, MERS is not a party to this
action.

### 3.      Fraudulent signing claim improperly pled

Plaintiff alleges Defendants have "paper[ed] the file" and recorded fraudulent
documents signed by entities that did not have the authority to transfer the property. FAC
at 3, 18-23. Plaintiffs allege that Martha Munoz, employee of Reconstruct Trust, "falsely
and fraudulently executed an 'Assignment of Deed of Trust' falsely and fraudulently
affirming she was the 'Vice President' of '[MERS]'" in order to assign the Deed of Trust
in favor of Defendant Bank of America. *Id.* at 18. Plaintiffs then allege that Jeff Young
"falsely and fraudulently executed a 'Corporate Assignment of Deed of Trust' falsely and
fraudulently affirming he was the 'Vice President' of '[Defendant Bank of America]'" in
order to assign the Deed of Trust in favor of Defendant Wells Fargo as trustee on behalf
of the Harborview Trust. *Id.* at 19-20. Therefore, Plaintiff concludes that the property was
never properly assigned and the Defendants do not have authority to seek foreclosure.

In a similar case, a district court recently found:

> Plaintiffs allege that Roberts [alleged robo-signor] "falsely claimed to be
> the Vice President of MERS" and robo-signed documents in the 2008

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 12-1114-DOC-(RNBx)                    Date:  November 30, 2012
                                                                              Page 8

---

transaction between MERS and [defendant]. Plaintiffs conclude: "Defendants' acts, by committing a fraud on May 29, 2008 against plaintiffs by granting/assigning/transferring [the Deed of Trust] among Defendants by the robo-signer . . . who falsely claimed to be the Vice President of MERS, created further damage." Plaintiffs argue that Roberts's claim as Vice President of MERS amounts to fraud. Assuming this is sufficient to plead fraud, Roberts is not named as a defendant in this case. Plaintiffs also do not impute Roberts's false statements to MERS. Further, Plaintiffs' robo-signing allegation does not plead the required elements of fraud. Other than Roberts's alleged misrepresentation, Plaintiffs fail to plead that Defendants made any other misrepresentations. And, Plaintiffs do not to plead knowledge of falsity, intent to defraud, reliance or damages. Moreover, courts have consistently dismissed robo-signing fraud allegations when they are pled in a conclusory fashion without any factual support because this fails to comply with Rule 9(b). The robo-signing fraud allegation in this case similarly lacks factual support and cannot stand.

*Me Lee v. LNV Corp.*, 2:11-CV-8204-ODW, 2012 WL 1203403 (C.D. Cal. Apr. 10, 2012) (citations omitted).

Here, Plaintiff did not make the alleged robo-signors, MERS, or Reconstruct Trust a party to the complaint, and Plaintiff did not list fraud as a cause of action, nor properly plead the elements of fraud. Like the plaintiffs in *Me Lee*, the Plaintiff here has failed to plead sufficient facts such that relief could be granted based on this allegation.[2] However, the Court is not convinced that Plaintiff could not plausibly amend the

---

[2] This case is distinguishable from the Court's decision in *Chan Tang v. Bank of Am., N.A.*, SACV 11-2048 DOC, 2012 WL 960373 (C.D. Cal. Mar. 19, 2012) where a robo-signing allegation was sufficient for a wrongful foreclosure claim to survive a motion to dismiss. In that case, the Plaintiff presented facts and evidence that the alleged robo-signor was acting in a questionable dual capacity. *Id.* at *2 ("Finally, the Tangs submit several documents in support of their allegations that T. Sevillano, Michelle Miller, and Lisa Allinson are 'robo-signers' who sign documents without personal knowledge of the contents attested to therein and/or sign documents without the requisite authority to do so. Compl. Ex. H ('Sevillano & Miller Robo–Signing Documents'); Compl. Ex. I ('Allinson Robo–Signing Documents'). The documents submitted by the Tangs show Sevillano acting as 'Assistant Secretary' of Mortgage Electronic Registration Systems, Inc. ('MERS') in March 2010 and Allinson acting as 'Vice President' of MERS in March and May 2008. Compl. Ex. H & I.") Additionally, the robo-signing claim in Tang was raised under the context of Cal. Civ. Code § 2934a(a), which requires a substitution of trustee be recorded. The notice of default and substitution of trustee were executed on the same day; these additional facts further supported the plausibility of Plaintiffs' claim. *Id.* at *10-11.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 12-1114-DOC-(RNBx)                    Date:  November 30, 2012
                                                     Page 9

---

complaint in order to properly plead a claim for fraud against the appropriate parties. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (granting leave to amend when the court found it could "say that this complaint could not be saved by any amendment.")

### 4.        Separation of the Deed of Trust and Note render both unenforceable

Plaintiff alleges that even if MERS had authority to transfer the Deed of Trust, it did not have authority to transfer the Note. FAC at 25. Thus, Plaintiff claims that in the event MERS authorized the initial assignment of the Deed of Trust to Defendant Bank of America, the Note and Deed of Trust would be separated and rendered unenforceable. *Id.*

> Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Under California Civil Code section 2924b(b)(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or  beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." [citation] There is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose. Rather, the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure. Accordingly, the statute does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale.

*Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1098-99 (E.D. Cal. 2010). "This interpretation is consistent with the rulings of this court, along with many others, that MERS has standing to foreclose as the nominee for the lender and beneficiary of the Deed of Trust and may assign its beneficial interest to another party." *Id.* at 1099 (collecting cases).

Because Plaintiff's argument is inconsistent with California Civil Code § 2924(a)(1), Plaintiff cannot invalidate the assignment based on this allegation.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 12-1114-DOC-(RNBx)                    Date: November 30, 2012
                                                     Page 10

---

### b.  The recorded chain of title is traceable and complete

On November 13, 2012, this Court denied Plaintiff's TRO application. The Court found that there was an unbroken chain of title that supported Defendant's right to foreclose on the property.

> Defendants submitted a copy of Plaintiff's Deed of Trust, whereby Defendant acknowledged MERS as a beneficiary and agreed that the loan or partial interest in the loan could be "sold one or more times without prior notice to Borrower." Req. for Judicial Notice (Dkt. 33) at Ex. 1. Next, Defendants present the Assignment of the Deed of Trust, recorded on September 20, 2011, which shows the assignment of the Deed to Bank of America, N.A. Ex. 2. Finally, Defendants provided a copy of the Corporate Assignment of Deed of Trust, whereby Bank of America, N.A. assigned the Deed of Trust to Wells Fargo Bank, N.A., as a trustee on behalf of the Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificate Series 2006-12 recorded on April 12, 2012. Ex. 4.

Order Denying TRO (Dkt. 34) at 4. Because there is an unbroken chain of title and Plaintiff has failed to properly allege a claim for fraud so as to invalidate the recorded documents, the Court finds that the Defendants had the authority to demand payment on the mortgage loan and commence nonjudicial foreclosure proceedings.

### c.  Claims against Defendants are dismissed

Because the Court finds that Defendants have the right to demand payment and foreclose on the property in the event of loan default, the claims against the Defendants must be dismissed.

### 1.      Claim for declaratory relief is dismissed

"In case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 12-1114-DOC-(RNBx)                    Date:  November 30, 2012
                                                     Page 11

_____

or could be sought." 28 U.S.C. § 2201(a). "Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." *Id.*

> The Declaratory Judgment Act ("DJA") and its 28 U.S.C. § 2201(a) . . . "is procedural only." . . . A DJA action requires a district court to "inquire whether there is a case of actual controversy within its jurisdiction." [citation] As to a controversy to invoke declaratory relief, the question is whether there is a "substantial controversy, between parties having adverse legal rights, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." [citation]   The United States Supreme Court has further explained: A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. . . . The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests.... It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. [citation].

*Vega v. JPMorgan Chase Bank, N.A.*, 654 F. Supp. 2d 1104, 1119-20 (E.D. Cal. 2009) (citations omitted).

Here, the Plaintiff has not shown there is a "definite and concrete" controversy as he has not alleged a viable claim that would divest the Defendants of their rights as creditors to foreclose on the property. Furthermore, the request for declaratory relief may be moot as Plaintiff alleged a trustee's sale was to take place on November 13, 2012. Therefore, the claim for declaratory relief is DISMISSED.

### 2.      Claim for negligence is dismissed

The elements of negligence include duty, breach of duty, proximate cause, and damages. *Berkley v. Dowds*, 152 Cal. App. 4th 518, 526 (2007). To determine the scope of a duty, a court's considerations include "the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 12-1114-DOC-(RNBx)                    Date:  November 30, 2012
                                                    Page 12

_____

defendant and consequences to the community of imposing a duty to exercise care with
resulting liability for breach, and the availability, cost, and prevalence of insurance for
the risk involved." *Kentucky Fried Chicken of Cal., Inc. v. Superior Court*, 14 Cal. 4th
814, 820 (1997); s*ee also Eric M. v. Cajon Valley Union Sch. Dist.*, 174 Cal. App. 4th
285, 293 (2009). Furthermore, negligence requires that the breach be a "failure to
exercise the degree of care in a given situation that a reasonable person under similar
circumstances would employ to protect others from harm." *City of Santa Barbara v.
Superior Court of Santa Barbara Cnty.*, 41 Cal. 4th 747, 754 (2007).

     Financial institutions typically do not owe a duty of care to a borrower when its
activities do not exceed those of a conventional money lender. *Nymark v. Heart Fed. Sav.
& Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (Ct. App. 1991). "In addition, 'loan servicers
do not owe a duty to the borrowers of the loans they service.'" Bascos v. Fed. Home
Loan Mortg. Corp., CV 11-3968-JFW JCX, 2011 WL 3157063 (C.D. Cal. July 22, 2011)
(citations omitted). "Furthermore, a trustee under a deed of trust owes Plaintiff no duty
beyond its duties contained in Cal. Civ.Code §§ 2924, et seq." *Id.* (citations omitted).

     "Generally, [a]bsent special circumstances a loan transaction is at arms-length and
no duties arise from the loan transaction outside of those in the agreement." Castaneda v.
Saxon Mortg. Servs., Inc., 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009) (citations and
quotations omitted). "Absent contrary authority, a pleading of an assumption of duty by
MERS. . . or a special relationship, plaintiff cannot establish MERS . . . owed a duty of
care." *Id.*

     Here, Plaintiff bases his negligence claim on allegations that Defendants did not
have the right to collect mortgage payments and breached a duty by violating the PSA
agreement. FAC at 35-36. For the reasons stated above, these allegations are insufficient
to establish a special relationship or special circumstances necessary to compel the Court
to deviate from the general rule, which is that lenders and servicers do not owe a duty of
care to borrowers. *Nymark*, 231 Cal.App.3d at 1096. As Plaintiff is unable to establish a
duty, the cause of action for negligence is DISMISSED WITH PREJUDICE.

### 3.       Claim for quasi contract is dismissed

Whether termed unjust enrichment, quasi-contract, or quantum meruit, the
equitable remedy of restitution when unjust enrichment has occurred "is an

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 12-1114-DOC-(RNBx)                      Date:  November 30, 2012
                                                       Page 13

---

obligation (not a true contract) created by the law without regard to the intention of the parties, and is designed to restore the aggrieved party to his or her former position by return of the thing or its equivalent in money." (1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 1013, p. 1102.)

. . . .

"[A]n individual may be required to make restitution if he is unjustly enriched at the expense of another. A person is enriched if he receives a benefit at another's expense. The term 'benefit' 'denotes any form of advantage.' . . . Even when a person has received a benefit from another, he is required to make restitution 'only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it.'"

*F.D.I.C. v. Dintino*, 167 Cal. App. 4th 333, 346-47 (2008) (citations omitted).

Here, Plaintiff argues that any mortgage payments he made to Defendants should be returned to him under the theory of quasi contract as the Defendants did not have legal authority to collect payments. FAC at 37-38.

Because the Court established above that Defendants have a legal right to collect payments, the claim for quasi contract is DISMISSED.

### 4.      Claim for violation of 15 U.S.C. § 1692 is dismissed

Under the Fair Debt Collection Practices Act ("FDCPA"), a debt collector may not use "any false, deceptive, or misleading representation or means in connection with the collection of any debt" or "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692(e)-(f).

A "debt collector" as defined by the FDCPA is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA distinguishes a "debt collector" from a "creditor" who is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1114-DOC-(RNBx)                    Date:  November 30, 2012
                                                     Page 14

---

"any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). Thus, "FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, *so long as the debt was not in default at the time it was assigned*." *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) (citing to *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985)) (internal quotations omitted) (emphasis added).

Plaintiff alleges that Defendants falsely represented the status of the debt, threatened to take action they did not have the authority to do, recorded fraudulent assignments, and tried to collect on the promissory note under false pretenses. FAC at 38-39. Plaintiffs allege that these actions are in violation of the federal government's FDCPA. *Id.* at 38.

Here, Plaintiff has not pled sufficient facts to establish Defendants were acting as "debt collectors" and not simply asserting their rights as creditors. Furthermore, as the Court found Defendants had the authority to foreclose, the violation of the FDCPA claim is DISMISSED.

## 5.    Claim for violation of California Business and Professions Code § 17200  is dismissed

The Unfair Competition Law ("UCL"), codified as California Business and Professional Code 17200, was designed to protect consumers and competitors by promoting fair competition in the commercial market. *McKell*, 142 Cal. App. 4th at 1470. To allege a UCL claim, a plaintiff must show that the defendant's business practice was "unlawful, unfair, or fraudulent" by stating with reasonable particularity the facts supporting the violations. Cal. Bus. & Prof. Code § 17200 (West 2012); *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993). Although the UCL's scope is broad, violations that sound in fraud must meet the pleading requirements under Federal Rule of Civil Procedure 9(b), which require the "who, what, when, where, and how" of the fraudulent misrepresentation. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003); *Petersen v. Allstate Indem. Co.*, SACV 11-1987 DOC, 2012 WL 833034, at *4 (C.D. Cal. Mar. 12, 2012); *McKell*, 142 Cal. App. 4th at 1471; *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 949 (2002). Alternatively, a plaintiff "may choose not to allege a unified

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 12-1114-DOC-(RNBx)                    Date:  November 30, 2012
                                                     Page 15

---

course of fraudulent conduct in support of a claim, but rather to allege some fraudulent and some non-fraudulent conduct. In such cases, only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements." *Vess*, 317 F.3d at 1104.

Here, Plaintiff does not distinguish among the three categories of UCL claims but alleges that "Defendants' acts and practices are unlawful, unfair, and fraudulent." FAC at 39. Plaintiff's claims are based on Defendants demanding payments, recording false documents, scheduling a "Trustee's Sale," and "other deceptive and coercive practices as described herein." FAC at 40. Plaintiff alleges Defendants violated 12 U.S.C. § 2605(e), California Penal Code § 532(f)(a)(4), and 18 U.S.C. § 1951(b)(2). FAC at 39.

As it is currently pled, Plaintiff's UCL claim must be dismissed as it does not state with "reasonable particularity the facts supporting the violations." *Khoury*, 14 Cal. App. at 619. Plaintiff cannot simply list different sections of code without offering at least a "short and plain statement" offering facts to show how each law was violated. Fed. R. Civ. P. 8(a)(2). Furthermore, as Plaintiff did not sufficiently state a claim of fraud and the Court found Defendants had the authority as creditors to demand payment and foreclose on the property, the claim for violation of the UCL is DISMISSED.

### 6.     Claim for accounting is dismissed

Under California law, an accounting is generally a remedy under equity. *See Batt v. City & County of San Francisco*, 155 Cal.App.4th 65, 82, 65 Cal.Rptr.3d 716 (2007). In certain cases, an accounting can be a cause of action. "A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." *Tesselle v. Mcloughlin*, 173 Cal.App.4th 156, 179, 92 Cal.Rptr.3d 696 (2009) (citations omitted). An action for an accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation. *St. James Church of Christ Holiness v. Superior Court*, 135 Cal.App.2d 352, 359, 287 P.2d 387, (1955).

*Barajas v. Countrywide Home Loans, Inc.*, CV 10-07961 DDP AGRX, 2012 WL 628007 (C.D. Cal. Feb. 24, 2012); *see also Teselle*, 173 Cal. App. 4th 156 at 179-80 (2009)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 12-1114-DOC-(RNBx)                    Date:  November 30, 2012
                                                      Page 16

---

(citations omitted) ("[A] fiduciary relationship between the parties is not required to state a cause of action for accounting. All that is required is that some relationship exists that requires an accounting. The right to an accounting can arise from the possession by the defendant of money or property which, because of the defendant's relationship with the plaintiff, the defendant is obliged to surrender.")

Here, Plaintiff's claim for accounting is premised on Defendants not being Plaintiff's rightful creditors, thereby making any payments from Plaintiff to Defendants fully refundable. FAC at 42. However, because the Court has found Defendants are the proper creditors, any payments made from Plaintiff to Defendants were based on an obligation to pay back the mortgage loan. As the Defendants are the rightful creditors, the claim for accounting is DISMISSED.

### 7.      Leave to amend

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Here, the Court is not satisfied that there is no chance of Plaintiff curing his robo-signing allegations with amendment. To the extent the claims are not moot, Plaintiff's FAC is dismissed without prejudice, with the exception of the negligence claim.

### IV.      Disposition

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss and DISMISSES WITH PREJUDICE as to the negligence claim and all other claims are dismissed WITHOUT PREJUDICE .

Plaintiff shall file an amended complaint, if at all, on or before December 12, 2012.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                         Initials of Deputy Clerk: jcb