O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 12-1114-DOC-(RNBx)                             Date: March 19, 2013

Title: <u>BRIAN MCLAUGHLIN V. WELLS FARGO BANK, N.A. ET AL.</u>

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| <u>Julie Barrera</u> | <u>     N/A     </u> |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                              None Present

**PROCEEDINGS: (IN CHAMBERS):  ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. Motion to Dismiss ("Mot.") (Dkt. 37). After reviewing the motion, opposition, and reply, the Court hereby GRANTS Defendants' Motion to Dismiss.[1] Plaintiff's claims are DISMISSED without leave to amend.

**I.    Background**

On September 14, 2006, Plaintiff Brian McLaughlin ("Plaintiff") executed a mortgage note and Deed of Trust in favor of Countrywide Bank, N.A. ("Countrywide") for the purchase of the property located at 753 Barracuda Way, Laguna Beach, CA ("the property"). Second Amended Complaint ("SAC") (Dkt. 36) ¶ 27. Recontrust Company, N.A. ("Recontrust") was named the trustee and Mortgage Electronic Registration Systems ("MERS") was listed as the nominee of the lender and beneficiary. *Id.*

Defendants claim that MERS, as the beneficiary of the Deed of Trust, assigned the Deed of Trust from Countrywide to Defendant Bank of America on September 6, 2011. Mot. at 2. Defendants then allege that on April 4, 2012, Bank of America assigned the Deed of Trust to Defendant Wells Fargo as trustee on behalf of HarborView Mortgage

---

[1] The Court finds the matter appropriate for decision without oral argument.  Fed R. Civ. P. 78; L. R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1114-DOC-(RNBx)            Date: March 19, 2013

Page 2

---

Loan Trust, Mortgage Loan Pass-Through Certificates Series 2006-12 ("HarborView Trust"). *Id.* Both Defendants and Plaintiff agree that at some point before MERS allegedly assigned the Deed of Trust to Bank of America, Plaintiff defaulted on his loan. SAC ¶¶ 109-110 (claiming that at the time both Wells Fargo and Bank of America were assigned Plaintiff's Note and Deed of Trust it was in default); Mot. at 2 ("On or about September 6, 2011, MERS . . . assigned the Deed of Trust from Countrywide to defendant Bank of America, N.A. . . . In or around late 2010, McLaughlin defaulted on the Note. . . . On or about April 4, 2012, [Bank of America] assigned the Deed of Trust to Defendant Wells Fargo Bank . . ."). Plaintiff alleges that these transfers were fraudulently executed, first by an agent of Bank of America posing as Vice President of MERS, and then by an agent of Wells Fargo posing as Vice President of Bank of America. SAC ¶ 60. According to Plaintiff, these assignments were made by "robo-signers," posing as agents of the holders of the Deed of Trust in order to make fraudulent assignments to themselves. *Id.* Thereafter, on April 25, 2012, Recontrust—acting as agent for beneficiary Wells Fargo—recorded a Notice of Trustee's Sale informing Plaintiff that he faced a foreclosure of the property. SAC ¶ 72.

### A.     State Court Action

On April 12, 2012, Plaintiff filed an action in state court seeking declaratory relief, alleging that Defendants were not the legitimate successors in interest to his loan. Request for Judicial Notice (Dkt. 21) at Ex. 6; *McLaughlin v. Wells Fargo, N.A., et al.*, 30-2012-00561729-CU-CO-CJC (Orange County Sup. Ct. August 15, 2012). The Superior Court granted Plaintiff's application for a Temporary Restraining Order ("TRO") and the Trustee's Sale was postponed to July 6, 2012. *Id.* at Ex. 8. On June 29, 2012, the Superior Court subsequently denied Plaintiff's application for a preliminary injunction, finding the plaintiff was unlikely to succeed on the merits. *Id.* at Ex. 12. On August 15, 2012, Plaintiff then voluntarily dismissed his state court lawsuit without prejudice. *Id.* at Ex. 13.

### B.     District Court Action

On July 9, 2012, Plaintiff filed a Complaint with this Court based on similar allegations as his state court action. Complaint (Dkt. 1). On August 10, 2012, Defendants filed a Motion to Dismiss; which was granted as unopposed on August 21, 2012. Order Granting Motion to Dismiss (Dkt. 8).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 12-1114-DOC-(RNBx)   Date: March 19, 2013
                                    Page 3

On September 10, 2012, Plaintiff filed his First Amended Complaint, which maintained all of the claims contained in his original Complaint except extortion. First Amended Complaint ("FAC") (Dkt. 16.). On November 30, 2012, this Court granted Defendants' Motion to Dismiss the FAC with prejudice for a negligence claim—and without prejudice as to all other claims. Order Granting Motion to Dismiss ("Order") (Dkt. 35). On December 11, 2012, Plaintiff then filed this Second Amended Complaint. Second Amended Complaint ("SAC") (Dkt. 36). On December 21, 2012, Defendants filed a Motion to Dismiss the SAC. Mot. (Dkt. 37). Plaintiff filed his Opposition on January 12, Opposition ("Opp'n.") (Dkt. 41), followed by Defendants' Reply on January 18, Reply (Dkt. 43).

## II.        Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1114-DOC-(RNBx)                  Date: March 19, 2013

                                                                                                                       Page 4

---

       A motion to dismiss under Rule 12(b)(6) can not be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In addition, a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

       Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

       Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

       Federal Rule of Civil Procedure 9(b) states that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1114-DOC-(RNBx)            Date: March 19, 2013
                                                                               Page 5

---

of the fraudulent activity. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993) ("[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity."). In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir.1994)). Rule 9(b)'s heightened pleading standard applies not only to federal claims, but also to state law claims brought in federal court. *Id.* at 1103. This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985).

However, "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see also Neubronner*, 6 F.3d at 672 (explaining that Rule 9(b)'s heightened pleading standard may be relaxed when the allegations of fraud relate to matters particularly within the opposing party's knowledge, such that a plaintiff cannot be expected to have personal knowledge).

### III.    Discussion

Plaintiff alleges that Defendants are "third-party strangers to his mortgage loan and have no ownership interest entitling them to collect payment, declare a default or conduct a trustee's sale." SAC ¶ 1. Plaintiff alleges that Defendants have no interest in the Deed of Trust and thus no right to collect on his debt because the assignments from MERS to Bank of America and Bank of America to Wells Fargo were fraudulently executed. *Id.* Based on these allegations, Plaintiff brings the following claims: (1) declaratory relief; (2) quasi contract; (3) violations of the Fair Debt Collection Practices Act; (4) violations of California's unfair competition law; and (5) accounting. *Id.*

###       A.    Defendants' Violation of Local Rule 7-3 Is Not a Sufficient Reason to Strike Their Motion in This Instance

Plaintiff contends Defendants' Motion to Dismiss should be stricken because Defendants failed to meet and confer before filing their motion, a violation of Local Rule 7-3. Opp'n. at 2-3. Local Rule 7-3 requires that before the filing of a motion to dismiss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1114-DOC-(RNBx)                      Date:  March 19, 2013
                                                                                                   Page 6

the moving party meet and confer with the opposing party on the issues involved in the motion. *See* Local Rule 7–3. Plaintiff claims Defendants filed their motion to dismiss in bad faith, knowing that counsel for Plaintiff would be out of the country. Opp'n. at 2-3. Defendants state that they did not meet with Plaintiff because his SAC and Defendants' Motion to Dismiss are so similar to past motions that an additional meeting would be meaningless. Reply at 4.

      First, this court notes that a moving party's belief that a meet and confer is not worth their time is no excuse from the Local Rules. However, a motion to dismiss need not always be stricken as a result of the moving party's failure to adhere to the Local Rules. For example, in *Gukasyan v. Chase Bank USA, N.A.* the court did not strike defendant's Motion to Dismiss for failure to meet and confer because the issues discussed in the Plaintiff's First Amended Complaint were substantively the same as those discussed in his initial Complaint. CV 11-2509 CAS SSX, 2011 WL 3439265 at *2 n.1 (C.D. Cal. Aug. 3, 2011); *see also Kairalla v. Advanced Med. Optics, Inc.*, CV-07-05569 SJOPLAX, 2008 WL 2879087 at *1 n.1 (C.D. Cal. June 6, 2008) (finding that a violation of the meet and confer requirement did not merit striking defendant's motion to dismiss where plaintiff had a month's warning that the motion would be filed). This Court finds that Defendants' failure to meet and confer should not result in their motion being stricken because Plaintiff's SAC contains many of the same allegations on many of the same grounds as its FAC, and Plaintiff fails to state facts that could plausibly lead to the conclusion that Defendants lack any interest in the Deed of Trust.

            **A.**      **The Homeowners Bill of Rights does not Afford Plaintiff's Claims any Protection from Dismissal**

      Plaintiff claims in his Opposition that the Homeowner's Bill of Rights ("HBR") renders the legal authority cited by Defendants obsolete and affords him additional protections against dismissal. Opp'n. at 5-6. However, Plaintiff fails to cite to a single statute modifying California's non-judicial foreclosure rules or the legal authority cited by Defendants in any way. Because such vague legal conclusions cannot form the basis of a complaint they afford no protection against the dismissal of Plaintiff's claims. *Iqbal*, 556 U.S. at 678 (stating that legal conclusions are not entitled to a presumption of truth).

      In any event, the HBR does not apply to borrowers with pending bankruptcy cases by its own terms. Cal. Civ. Code § 2920.5 (defining a borrower as not including "[a]n

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1114-DOC-(RNBx)				Date: March 19, 2013
								Page 7

individual who has filed a case under Chapter 7, 11, 12, or 13 of Title 11 of the United States Code and the bankruptcy court has not entered an order closing or dismissing the bankruptcy case, or granting relief from a stay of foreclosure"). So to the extent that Plaintiff relies on the HBR to create new rights or causes of action on his behalf, that reliance is misplaced.

### B. The Commercial Code is Irrelevant

Plaintiff claims that Defendants violated California Commercial Code § 3301 by attempting to collect on a debt that they had no interest in. SAC ¶¶ 65-69. California Commercial Code § 3301 defines someone that is entitled to enforce an instrument as someone who is in possession of the instrument, or entitled to enforce the instrument under § 3309 or subd. (d) of § 34178. Cal. Com. Code § 3301. However, the California Court of Appeals has clearly stated that the comprehensive statutory framework concerning non-judicial foreclosures is intended to be exhaustive, and parties cannot incorporate other unrelated provisions into their complaints. *Moeller v. Lien*, 30 Cal. Rptr. 2d 777, 785 (1994); *see also Sicairos v. NDEX W., LLC*, 08CV2014-LAB (BLM), 2009 WL 385855 at *2-3 (S.D. Cal. Feb. 13, 2009) (noting that California Civil Code sections 2924 through 2924k provide a comprehensive framework on non-judicial foreclosures). Plaintiff's Opposition states that *Sicairos* is distinguishable based on the fact that the plaintiff in that case claimed that the physical possession of the promissory note was required in order to foreclose on his property. *Sicairos*, 2009 WL 385855 at *2. Plaintiff, on the other hand, alleges that Defendants have no interest in the Deed of Trust at all, regardless of who possesses the physical note itself. Opp'n. at 17. Plaintiff's attempt to distinguish *Sicairos* ignores the fact that the plaintiff in that case also relied on article 3 of the California Commercial Code, which the California Court of Appeals has stated do not apply to non-judicial foreclosures in California. *Moeller*, 30 Cal. Rptr. 2d at 785; *see also Sicairos*, 2009 WL 385855 at *2-3.

### C. Plaintiff's Claim that Defendants have no Interest in his Deed of Trust Must Fail

Defendants' Motion seeks to dismiss Plaintiff's SAC in its entirety for (1) lack of standing to challenge the securitization and assignment of the Deed of Trust, and (2)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1114-DOC-(RNBx)            Date: March 19, 2013
                                                                              Page 8

failure to state any claim upon which they could receive relief. Mot. at 5-9.[2] Defendants mischaracterize Plaintiff's SAC, however, as an attack on Defendants' securitization procedures. In fact, the SAC alleges that Defendants fraudulently assigned the Deed of Trust to themselves in order to collect on a debt owed to Countrywide.[3] SAC ¶ 90. This Court finds that Plaintiff (1) does have standing to challenge the alleged fraudulent conduct, but (2) fails to state a claim because it does not allege facts that plausibly indicate fraudulent conduct.

### 1. Plaintiff has Standing to Challenge a Fraudulent Transfer

Defendants argue that Plaintiff has no standing to challenge an improper transfer of his Deed of Trust because he is not a party to the Pooling Service Agreement ("PSA") and thus cannot bring a claim for a breach of that contract. Mot. at 7-9. While Defendants are correct that Plaintiff has no standing to challenge a violation of the PSA or improper securitization, this is a mischaracterization of his claims. SAC ¶ 90. Plaintiff alleges that Defendants fraudulently assigned his Deed of Trust to themselves in order to collect on a mortgage that they had no interest in. *Id.* Mortgagees have standing to challenge fraudulent conduct perpetrated upon them. *See, e.g., Bascos v. Fed. Home Loan Mortg. Corp.*, CV 11-3968-JFW JCX, 2011 WL 3157063 at *7 (C.D. Cal. July 22, 2011) (dismissing plaintiff's "robo-signing" claims for failure to state a claim, not lack of standing); *accord Me Lee v. LNV Corp.*, 2:11-CV-8204-ODW, 2012 WL 1203403 at *4 (C.D. Cal. Apr. 10, 2012). Therefore, Defendants' motion to dismiss will not be granted for lack of standing.

### 2. Plaintiff Fails to Plausibly Allege a Fraudulent Transfer

Defendants also argue that Plaintiff fails to state a claim because they do not allege facts that give rise to a facially plausible claim of relief. Mot. at 5-6. Plaintiff alleges that neither Martha Munoz nor Jeff Young were employed by the assigning parties at the time that they allegedly assigned his Deed of Trust, and in fact are "robo-signers" employed

---

[2] Defendants also argue that Plaintiff's claim must be dismissed for failure to allege that he can tender the amount due. Mot. at 10. The Court does not reach this argument because it dismisses Plaintiff's SAC on other grounds.

[3] This misunderstanding is understandable, given Plaintiff's emphasis in the SAC on describing the process and history of securitization. SAC ¶¶ 14-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1114-DOC-(RNBx)            Date: March 19, 2013
                                                                        Page 9

by Bank of America and Wells Fargo, respectively. SAC ¶¶ 48-51, 55, 59. Plaintiff alleges that the assignments were fraudulent because they were not actually executed by anyone with an interest in the Deed of Trust. *Id.* Plaintiff bases his claim on the fact that the assignment took place more than five years after the closing date of the trust, as required by the PSA. Opp'n. at 12. The only authority that Plaintiff cites in support of the proposition that a late assignment in violation of a PSA gives rise to a plausible clam of fraudulent conduct is *Vogan v. Wells Fargo Bank, N.A.*, 2:11-CV-02098-JAM, 2011 WL 5826016 (E.D. Cal. Nov. 17, 2011). Opp'n. at 11-12. However, courts have consistently criticized *Vogan* for this proposition, and dismissed claims based on facts very similar to those alleged by Plaintiff. *See, e.g., Me Lee v. LNV Corp.*, 2:11-CV-8204-ODW, 2012 WL 1203403 at *3-4 (C.D. Cal. Apr. 10, 2012); *Bascos v. Federal Home Loan Mortg. Corp.*, No. CV–11–3968 JFW (JCx), 2011 WL 3157063 at *6 (C.D.Cal. Jul.22, 2011); *Cercedes v. U.S. Bankcorp*, No. CV 11–219 CAS (FMOx), 2011 WL 2711071 at *5 (C.D.Cal. Jul.11, 2011). This Court agrees with the greater weight of authority, and concludes that the allegation that a mortgage assignment was made after the closing date of a PSA is not sufficient to state a plausible claim of fraud.

       Therefore, the Court dismisses all of Plaintiff's claims that are dependant upon allegations that Defendants engaged in fraudulent conduct.[4] The Court dismisses these claims without leave to amend because it concludes that the deficiencies of the SAC cannot not be cured by amendment. It comes to this conclusion because the facts pled in Plaintiff's SAC do not differ materially from those alleged in his FAC.

           **D.**      **Plaintiff's Claim of Declaratory Relief Fails to State a Case or Controversy**

       Plaintiff claims that he is entitled to declaratory relief because Defendants' fraudulent conduct has created the need for clarification regarding his rights and obligations under his Deed of Trust. SAC ¶ 90. In order to state a claim for declaratory relief, Plaintiff must identify an actual case or controversy regarding a matter within federal court subject matter jurisdiction. *Calderon v. Ashmus*, 523 U.S. 740, 745 (1998). Where no actual case or controversy exists, the claim will be dismissed. *See, e.g., Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1189 (E.D. Cal. 2010). For example,

---

[4] All of the claims that follow are based on allegations that Defendants engaged in fraudulent conduct. Because these claims are based on different legal theories, the Court analyzes each of them separately.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1114-DOC-(RNBx)             Date: March 19, 2013
                                                                            Page 10

---

in *Bascos v. Federal Home Loan Mortgage Corp.* plaintiff brought a claim of declaratory relief alleging—among other things—that defendant had fraudulently employed "robo-signers" to assign the Deed of Trust to itself. CV 11-3968-JFW JCX, 2011 WL 3157063 at *4 (C.D. Cal. July 22, 2011). The court dismissed plaintiff's claim of declaratory relief because it determined that plaintiff did not plead sufficient facts to support its "robo-signing" allegations. *Id.* at *4. Plaintiff relies upon his claim of fraudulent transfer as his basis for his claim of declaratory relief. As explained above, this claim fails. Therefore, Plaintiff has not identified an actual case or controversy meriting declaratory relief.

Therefore, Defendants' motion to dismiss is GRANTED. Plaintiff's claim of declaratory relief is DISMISSED without leave to amend.

### E.      Plaintiff Also Fails to State a Claim for Quasi-Contract Because They Fail to Sufficiently Allege Unjust Enrichment

Plaintiff's claim for quasi contract is based on the allegation that Defendants have been unjustly enriched by accepting mortgage payments they had no authority to collect. SAC ¶¶ 101-103. Quasi contract (also known as unjust enrichment or quantum meruit) is an equitable claim that supplies a cause of action where one party has unjustly benefited at the expense of another party. *See Klein v. Chevron U.S.A., Inc.*, 137 Cal. Rptr. 3d 293, 331 (2012) (explaining that a plaintiff may be able to recover in quasi contract where no contract exists based on the theory that the opposing party has benefited from plaintiff's services). A plaintiff must allege fraudulent conduct in order to survive a motion to dismiss a quasi contract claim based on fraud. *See Shkolnikov v. JPMorgan Chase Bank*, 12-03996 JCS, 2012 WL 6553988 at *16 (N.D. Cal. Dec. 14, 2012) (dismissing plaintiff's claim for quasi contract once his underlying fraud claim based on "robo-signing" allegations was also dismissed).

Defendants argue that Plaintiff's claim for quasi contract must be dismissed because they establish an unbroken chain of title and are entitled to collect on the Deed of Trust. Mot. at 14. Plaintiff's Opposition argues that his plausible allegations of fraudulent assignment establish that Defendants have no legal interest in the Deed of Trust and have been unjustly enriched by Plaintiff's payments. Opp'n. at 20-21. However, Plaintiff fails to allege that Defendants have been unjustly enriched in any way because he has not sufficiently alleged that they engaged in fraudulent conduct. *See Klein*, 137 Cal. Rptr. 3d at 331 (explaining that an equitable claim of quasi contract does not apply where there is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1114-DOC-(RNBx)            Date: March 19, 2013
                                                                                   Page 11

an actual contract because the terms of that contract govern the conduct of the parties), *accord Hedging Concepts, Inc. v. First Alliance Mortg. Co.*, 49 Cal. Rptr. 2d 191, 198 (1996) (noting that where parties' conduct is governed by a contract a court cannot substitute its own concepts of fairness for the terms of the contract).

      Therefore, Defendants' motion to dismiss is GRANTED. Plaintiff's claim for quasi contract is DISMISSED without leave to amend.

      **F.**       **Plaintiff Fails to State a Claim for Violation of the Fair Debt Collection Practices Act**

      Plaintiff and Defendants primarily contest whether or not Defendants are debt collectors for the purposes of the FDCPA. While the Court concludes that Defendants are debt collectors, it nevertheless dismisses Plaintiff's claim for failure to allege facts that plausibly establish his claim.

      **1.**       **Defendants are debt collectors for the purposes of the FDCPA**

      Plaintiff claims that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") by falsely representing that Plaintiff's debt was due to Defendants when Defendants possessed no legitimate interest in the debt. SAC ¶ 111. Defendants argue that they could not have violated the FDCPA because they are creditors and not debt collectors, making the FDCPA inapplicable. Mot. at 15. According to the FDCPA the term "debt collector" includes third parties who regularly attempt to collect a debt owed to a creditor, and not creditors who attempt to collect their own debt. 15 U.S.C. § 1692a(6)(F); *see Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1052-53 (E.D. Cal. 2009) (noting that the terms "debt collector" and "creditor" are mutually exclusive, and emphasizing that the act was not meant to address the business practices of creditors). As noted in this Court's first order dismissing Plaintiff's FDCPA claim, assignees of a debt do not qualify as debt collectors "'*as long as the debt was not in default at the time it was assigned*.'" Order at 14 (quoting *Nool*, 653 F. Supp. 2d at 1053).

      For example, in *Oppong v. First Union Mortgage Corp.* plaintiff homeowner brought claims against his mortgage servicer, the servicer's assignee, and the assignee's attorney for alleged violations of the FDCPA. 215 F. App'x 114, 115-16 (3d Cir. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1114-DOC-(RNBx)            Date: March 19, 2013
                                                                                                         Page 12

The court determined that Wells Fargo (the servicer's assignee) was a debt collector under the FDCPA because it had been assigned plaintiff's mortgage while it was in default. *Id.* at 118-119. Plaintiff's FAC did not specify whether or not Defendants acquired Plaintiff's mortgage while it was in default. Therefore, this Court dismissed Plaintiff's Complaint for failure to allege facts sufficient to establish that Defendants were debt collectors. Order at 14. Plaintiff has cured this defect in his SAC by alleging that his mortgage was in default when it was allegedly assigned to Defendants. SAC ¶ 109-110. Defendants do not deny this allegation, in fact they confirm it. Mot. at 2. Therefore, Defendants constitute debt collectors and not creditors because the Deed of Trust was assigned to both Bank of America and Wells Fargo while it was in default.

### 2. Plaintiff fails to allege facts that plausibly state a violation of the FDCPA

Nevertheless, Plaintiff's claim fails because he has not alleged facts that plausibly state a violation of the FDCPA by Defendants. Plaintiff alleges that Defendants violated the FDCPA by attempting to collect a debt that they have no interest in. SAC ¶¶ 105-112. A claim of violation of the FDCPA that is dependant upon allegations of fraudulent conduct will be dismissed if that fraudulent conduct is not sufficiently pled. *See Junger v. Bank of Am., N.A.*, CV 11-10419 CAS VBKX, 2012 WL 603262 at *4 (C.D. Cal. Feb. 24, 2012). Thus, Plaintiff's claim must be dismissed because he has not properly pled any violation of the FDCPA.

Therefore, Defendants' Motion to Dismiss is GRANTED. Plaintiff's claim for violation of the Fair Debt Collection Practices Act is DISMISSED without leave to amend.

### G. Plaintiff Fails to State a Claim for Violation of Cal. Bus. & Prof. Code §§ 17200, et seq.

Plaintiff claims that Defendants have violated California Business and Professions Code §§ 17200, et seq. (hereinafter "UCL") by collecting on a debt that they have no interest in. SAC ¶ 60. In order to state a claim for violation of California's UCL Plaintiff must allege some unlawful, unfair, or fraudulent business practice. Cal. Bus. & Prof. Code § 17200; *see also Cerecedes v. U.S. Bankcorp*, CV 11-219 CAS FMOX, 2011 WL 2711071 at *4 (C.D. Cal. July 11, 2011). In this case, Plaintiff alleges that Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 12-1114-DOC-(RNBx)            Date: March 19, 2013
                                                                                                 Page 13

---

have no legal interest in the loan because they have fraudulently employed "robo-signers" to assign the Deed of Trust to themselves. SAC ¶ 60. Plaintiff claims that this practice constitutes an unlawful, unfair, and fraudulent business practice. *Id.* However, as explained above, Plaintiff has not sufficiently pled his claim of fraudulent assignment. Therefore, he has failed to state any unlawful, unfair, or fraudulent conduct that could form the basis of a UCL violation. *See, e.g., Cerecedes*, 2011 WL 2711071 at *5 (dismissing Plaintiff's UCL claim for failure to allege that the Deed of Trust had been fraudulently assigned by "robo-signers" with sufficient particularity).

       Therefore, Defendants' motion to dismiss is GRANTED. Plaintiff's claim for violation of California Business & Professional Code § 17200 is DISMISSED without leave to amend.

       **H.**      **Accounting**

       Plaintiff's claim for accounting is based on his allegation that Defendants owe him some balance because they collected Plaintiff's Deed of Trust even though they had no legitimate interest in it. SAC ¶ 129. "A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." *Tesselle v. Mcloughlin*, 92 Cal. Rptr. 3d 696, 715 (2009) (citations omitted). Plaintiff's cause of action for accounting fails for two reasons. First, as established above, Plaintiff has not sufficiently pled a break in the chain of assignment. Therefore, Defendants owe him no balance that would require an accounting. Second, even if Defendants did owe Plaintiff some balance, Plaintiff merely claims that Defendants would owe him the mortgage payments that he has made "for a period of many years," SAC ¶¶ 129-30, which does not qualify as a balance that can only be ascertained by an accounting. *See Shkolnikov v. JPMorgan Chase Bank*, 12-03996 JCS, 2012 WL 6553988 at *23 (N.D. Cal. Dec. 14, 2012) (dismissing plaintiff's accounting claim both because defendants owed plaintiff no balance and a claim for mortgage payments made over a four year period can be ascertained without resort to accounting).

       Therefore, Defendants' motion to dismiss is GRANTED. Plaintiff's claim for an accounting is DISMISSED without leave to amend.

       **IV.**      **Disposition**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 12-1114-DOC-(RNBx)                    Date:  March 19, 2013
                                                     Page 14

  For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss. Plaintiff's claims are DISMISSED without leave to amend.

  The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                            Initials of Deputy Clerk: jcb